# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LATAWNYA S. BROWN,
        Plaintiff,

v.

WELLS FARGO BANK, N.A.,
        Defendant.

Civil Action No. 11-cv-1156 (BJR)

MEMORANDUM OPINION

**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff LaTawnya Brown ("Brown") brought suit against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), alleging that Wells Fargo's predecessor, World Savings Bank, F.S.B. ("World Savings") committed common law fraud and violated the District of Columbia Consumer Protection Procedures Act ("CPPA"). Wells Fargo moves for summary judgment on all counts. *See* Dkt. #40. Upon consideration of Wells Fargo's motion, Brown's opposition thereto, and the record in this case, this Court grants the motion.

## I. FACTUAL BACKGROUND

In 2006, Brown sought to refinance the mortgage on a property she owns in Washington, D.C. ("the Property"). Compl. ¶ 13, Ex. B at 1, 3. Brown contacted Landmark Funding, LLC ("Landmark"), a mortgage broker. Pl's. Opp'n Am. Mot. Summ. J. ¶ 3b. On November 7, 2006, she signed a loan application to be submitted by Landmark to World Savings. *Id.* The application signed by Brown stated that Brown earned $25,000 per month and that the Property was worth $2,200,000. *Id.* ¶¶ 3d-g. Neither Landmark nor World Savings endeavored to verify Brown's

income.[1] Def's. Am. Mot. Summ. J. at 7; Statement of Undisputed Facts ("SUF") ¶ 37. On the basis of this application, as well as a credit inquiry and an independent appraisal of the property at issue, World Savings approved Brown's application. Def's. Am. Mot. Summ. J. at 7; SUF ¶¶ 40-41. The independent appraiser, acting on World Savings' behalf, opined in December 2006 that the Property was worth $1,100,000. Def's. Am. Mot. Summ. J. at 7; SUF ¶ 43. World Savings then offered Brown a $750,000 thirty-year Option Adjustable Rate Mortgage, also known as a "Pick-a-Payment" mortgage, with a payment cap.[2] Def's. Am. Mot. Summ. J. at Ex. 13. On January 3, 2007, Brown signed the note. *Id.* In March 2007, Brown received copies of her mortgage documents. *Id.* at Ex. 18. Within months of signing the note, Brown's mortgage was experiencing significant negative amortization and she was notified that she was in default in the loan statement dated August 2, 2007. Brown fell behind on her payments and was in and out of default until 2010 when she ceased making payments. *Id.* at Ex. 4.

Pick-a-Payment mortgages issued by World Savings were the subject of a class action lawsuit, which included 517,783 class members and resulted in a settlement. *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation*, Nos. 07-4497-JF and 09-2015-JF, 2011 WL 1877630 (N.D. Cal. May 17, 2011). Prior to the settlement, World Savings was acquired by Wachovia Mortgage Corporation. Def's. Am. Mot. Summ. J. at 1 n. 2. The settlement resolved all claims regarding the origination of Pick-a-Payment loans by

---

[1] This type of loan is known as a "stated income loan," which allows the application to be processed and the loan to be approved without any verification of the stated income. The applicant need only attest to the veracity of the statements. Def's. Am. Mot. Summ. J. at 7; Statement of Undisputed Facts ("SUF") ¶ 37.

[2] The Pick-a-Payment mortgage product allows consumers to select among four payment plans. Def's. Am. Mot. Summ. J. at Ex. 13. The first allows consumers to pay more than would be necessary to pay off the mortgage in thirty years, thus reducing the term of the mortgage. The second requires standard payments based on the thirty-year term. The third requires only an interest payment, which does nothing to reduce the principal. The fourth allows consumers to pay even less than the interest due, which results in negative amortization. *Id.* The rate on Brown's mortgage was subject to adjustment based on an index, with a maximum rate established in the note. *Id.* The note also contained a payment cap which limited how much Brown's payment could increase year over year. *Id.* Because of this payment cap, even the interest-only payment plan could lead to negative amortization if the payment required to cover the interest rose above the cap.

Wachovia, its subsidiaries, and its predecessors between August 1, 2003 and December 31, 2008.[3] *In re Wachovia Corp.*, 2011 WL 1877630 at *3. Under the terms of a settlement in that lawsuit, Wachovia agreed to pay consumers $50,000,000 to settle their claims. *Id.* at *1-2. Brown admits she received a check from the settlement, although she never cashed it. Def's. Am. Mot. Summ. J. at Ex. 3. Wells Fargo acquired Wachovia Mortgage Corporation subsequent to the settlement. *Id*. at 1, n. 2.

## II. PROCEDURAL HISTORY

On June 22, 2011, Brown filed this action asserting three counts against Wells Fargo. First, Brown alleged that World Savings committed common law fraud by misrepresenting the payments she would owe, misrepresenting the likelihood of negative amortization, using prepayment penalties to keep her in a harmful loan, and steering her into a riskier loan despite her qualification for a safer option. Compl. ¶¶ 96-107. Second, Brown alleged that World Savings or its agents committed common law fraud by submitting a false loan application on her behalf which misrepresented her assets and income such that she would be approved for a loan product for which she would not otherwise qualify. *Id.* ¶¶ 108-21. Third, Brown alleged that World Savings violated several provisions of the CPPA, D.C. Code § 28-3904. *Id.* ¶¶ 122-28.

On June 22, 2012, this Court granted in part a motion by Wells Fargo to dismiss Brown's complaint for failure to state a claim upon which relief could be granted. Dkt. #16, *Brown v. Wells Fargo Bank, N.A.*, 869 F. Supp. 2d 51 (D.D.C. 2012). Brown's first count was dismissed on the grounds that District of Columbia common law was preempted by the federal Home

---

[3] Thus, Brown's mortgage was included in the time period addressed by the settlement. Def's. Am. Mot. Summ. J. at Ex. 13.

Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. §§ 1461 *et. seq.*[4] *Id.* at 55-56. Brown's second count of fraud and the CPPA claims were also preempted by HOLA, except as they relate to any alleged misrepresentation of Brown's assets and income by World Savings. *Id.* at 62-64. This Court determined that Wells Fargo was not entitled to a claim preclusion defense at that stage of the litigation because Wells Fargo failed to demonstrate that it had made the best practicable efforts to ensure Brown received notice of the class action settlement. *Id.* at 66.

Wells Fargo now moves for summary judgment on all remaining counts. *See* Dkt. #40. Wells Fargo renews its contention that all of Brown's claims are precluded by the previous class action settlement. Wells Fargo also argues that Brown filed her suit after the statute of limitations had expired on each of her claims. Finally, Wells Fargo claims Brown has not established sufficient evidence by which a reasonable trier of fact could find in her favor.

## III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Paige v. Drug Enforcement Admin.,* 665 F.3d 1355, 1358 (D.C. Cir. 2012).

## IV. ANALYSIS

The Court finds that Brown's claims are precluded by the settlement of the previous class action. Under the doctrine of res judicata, once a claim is litigated and that litigation results in a final decision on the merits, be it by a motion for summary judgment, by a trial, or by a

---

[4] The law in this area changed on July 21, 2010 with the enactment of the Dodd–Frank Wall Street Reform and Consumer Protection Act ,which now establishes that federal regulation under HOLA *does not* occupy the field of regulation of lending. Pub. L. No. 111-203, § 1046(a), 124 Stat. 1376, 2017 (2010) (codified at 12 U.S.C. § 1465).

4

settlement between the parties resulting in a final judgment, the issue is decided permanently. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984). A class action settlement has the same preclusive effect as a prior individual action settlement if the moving party can show that the nonmoving party "was adequately represented by a party who actively participated in the litigation." *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008).

As set forth below, to establish that a plaintiff's claim is precluded under res judicata by a prior class action, a defendant must show that: (1) the plaintiff was a member of the class, (2) class members received the best notice of the proposed settlement practicable under the circumstances, (3) the plaintiff in the instant action did not opt out, and (4) the claims resolved by the class action included those the plaintiff seeks to assert.

### 1. *Brown was a Member of the* In re Wachovia Corp. *Class*

In order to show that Brown's claims are precluded by the *In re Wachovia Corp.* class settlement, Wells Fargo must first show that Brown was a member of that class. *See Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) (citing *Supreme Tribe of Ben–Hur v. Cauble*, 255 U.S. 356, (1921) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). The Court is convinced that Brown was indeed a class member. *See* Def's. Am. Mot. Summ. J. at Ex. 13 (Brown's signed mortgage note dated January 2, 2007); *In re Wachovia Corp.*, 2011 WL 1877630 at *3 (certifying the settlement class as including all World Savings Pick-a-Pay mortgages originated between August 1, 2003 and December 31, 2008); Def's. Am. Mot. Summ. J. at Ex. 21 (affidavit of *In re Wachovia Corp.* settlement administrator Amy Lake attesting to Brown's name on the list of class members).

Because Brown was a member of the *In re Wachovia Corp.* class, she can be bound by the terms of its settlement.

        2.    <u>*Notice to Brown*</u>

            a.    <u>Efforts to Deliver Notice</u>

It is incumbent upon Wells Fargo to show that it took the necessary steps to provide "the best notice practicable under the circumstances." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). A first-class mailing to all class members is sufficient. *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992). Actual notice is not required. *Id.* "'[I]f the absent class members fail to opt out of the class action, [they] will be bound by the court's action, including settlement and judgment, even though those individuals never actually received notice.'" *Pigford v. Veneman*, 355 F. Supp. 2d 148, 162 (D.D.C. 2005) (alteration in original) (quoting *Reppert v. Marvin Lumber & Cedar Co., Inc.*, 359 F.3d 53, 56-57 (1st Cir. 2004); *see also Hallman v. Pa. Life Ins. Co.*, 536 F. Supp. 745, 748-49 (N.D. Ala. 1982) (rejecting actual notice requirement and applying res judicate where defendant took steps to provide best practicable notice). The *In re Wachovia Corp.* settlement included a certification by the court that Wells Fargo had sent notices to all class members, and Brown was a member of the class at the time. Def's. Am. Mot. Summ. J. at Ex. 19.

This Court previously declined "to infer that because Brown is a class member and because the *Wachovia* court found that class members received notice by direct mail, notice to her was sufficient." *Brown*, 869 F. Supp. 2d at 65. To buttress its earlier argument, Wells Fargo adds that the settlement check Brown eventually received was mailed using the same mailing list as the original notice to class members. Def's. Rep. Supp. Am. Mot. Summ. J. at 2, n. 2; SUF ¶ 66. . Wells Fargo also furnishes the affidavit of Amy Lake, the settlement administrator for the

class action suit. Lake attested that Brown was on the list of recipients for notification of the settlement, that the address associated with Brown matches the property at issue in this case, that the letters were mailed out, and that the notice sent to Brown was not returned to the sender. Def's. Am. Mot. Summ. J. at Ex. 21. The additional information provided by Wells Fargo convinces the Court that the best practicable efforts were used to provide notice to Brown.[5] Because a showing of actual notice is not required under *Peters*, 966 F.2d at 1486, and Wells Fargo has shown that the best practicable efforts were made to give notice to Brown, the delivery efforts were sufficient.

### b. Contents of the Notice

Brown argues that even if notice was provided, its content was insufficient to inform her of the legal effect of the class action. Pl's. Opp'n Am. Mot. Summ. at 31. Brown argues that the preclusive effect of a class action settlement is limited to such claims as were clearly noted as being included in the action within the notice sent to parties. *Id.* (citing *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1228 (11th Cir. 1998)). The plaintiff in *Twigg* alleged that the defendant had billed for services never performed. 153 F.3d at 1228. The defendant argued that a prior class action barred the plaintiff's claim, but the court rejected the defendant's res judicata argument because the notice sent to class members in the prior action only mentioned billing for improper or unnecessary repairs. *Id.* This case is unlike *Twigg*. The notice sent out in *In re Wachovia Corp.* noted that the lawsuit addressed "claims that the Defendants violated various state and federal laws in connection with the Pick-a-Payment mortgage loan product." Def's.

---

[5] Elsewhere in her briefing, Brown implies that she actually did receive notice of the class action. In response to Wells Fargo's assertion that Brown's claim is time-barred, Brown argues that the existence of the class action should toll the statute of limitations. Brown's timeliness argument would make sense only if the Court assumes that she was indeed aware of the pending class action and was waiting to see if that litigation would address her individual claims. This implies actual notice. The Court need not decide that question here, though, as the best practicable efforts were used.

Rep. Supp. Am. Mot. Summ. J. at Ex. 1. The notice also directed class members to a website where the settlement agreement in full could be found and directed class members to the section involving release of claims. *Id.* The release states that class members not opting out release claims against Wachovia "arising out of…the origination of the Settlement Class Member's Pick-a-Payment mortgage loan." Def's. Am. Mot. Summ. J. at Ex. 19, p. 31-32. The notice gave recipients ample opportunity to review the website and find exactly what they stood to gain and to lose by remaining in or opting out of the class settlement. Thus, the notice given to class members was sufficient to preclude claims regarding the same issues.

### 3. *Brown's Failure to Opt Out*

"'[I]f the absent class members fail to opt out of the class action, [they] will be bound by the court's action, including settlement and judgment.'" *Pigford*, 355 F. Supp. 2d at 162 (alteration in original) (quoting *Reppert*, 359 F.3d at 56-57 (1st Cir. 2004)). It is undisputed that Brown admitted in her deposition that she did not opt out of the settlement agreement in *In re Wachovia Corp.* Def's. Am. Mot. Summ. J. at Ex. 3. The settlement administrator verified this. *Id.* at Ex. 21. Because Brown did not opt out of the settlement, she can be bound by its terms.

### 4. *Similarity of the Class's Claims to Brown's*

In order to have preclusive effect, the class action must have provided a sufficient forum to litigate the claims at issue. *See Taylor*, 553 U.S. at 884 (conditioning preclusive effect upon whether the plaintiff "was adequately represented by a party who actively participated in the [prior] litigation").

Brown argues that the class representatives in *In re Wachovia Corp.* lacked standing to bring a claim under the District of Columbia's CPPA, and so her CPPA claim cannot be precluded. *See* Pl's. Opp'n Am. Mot. Summ. J. at 33-34. In advancing this theory, Brown

8

ignores the breadth of the claims released under the settlement. Even in the absence of a named plaintiff with a CPPA claim, a court may still approve a release that encompasses CPPA and other state law claims. *See*, *e.g.*, *In re Vitamins Antitrust Litig.*, No. 99-197(TFH), 2000 WL 1737867, at *5 (D.D.C. March 31, 2000) ("[I]t is well-settled that 'in order to achieve a comprehensive settlement that would prevent relitigation of settled questions,' in a class action, a court may permit a broad release of claims based on overlapping factual predicates") (quoting *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1044 (1st Cir. 1996)); *Class of Plaintiffs v. Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992) ("The weight of authority holds that a federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action.'") (quoting *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982)). Indeed, to deny a nationwide class action settlement the ability to release related state law claims, even on behalf of those class members not residing in the states with a named plaintiff, could undermine the efficiency of class actions. Furthermore, the laws of different states in the area of consumer protection will always vary to some degree, but federal policy favors class actions and settlements which resolve issues with as few separate actions as practicable.

> Variations from state-to-state in the form of state law claims would always prevent a nationwide settlement, thereby defeating the efficiencies of the class action settlement mechanism. Such a position is plainly against the public policy favoring class action settlements and courts frequently and routinely approve nationwide class settlements, including consumer class actions involving state law claims.

*In re Wireless Telephone Federal Cost Recovery Fees Litigation*, No. MDL 1559, 4:03–MD–015, 2004 WL 3671053, at *15 (W.D. Mo. April 20, 2004).

In this case, the settlement agreement is dispositive. The release portion of the settlement agreement released Wachovia from any claim arising from the origination of class members' Pick-a-Pay mortgages in any court. Def's Am. Mot. Summ. J. at Ex. 19 ¶ V(A). That release includes any sort of claim that could be brought under state unfair competition and consumer protection laws, as well as claims of fraudulent misrepresentation. Id. at ¶ 1.6. Brown's surviving claims all relate to misrepresentations that she alleges occurred in the origination process for her mortgage. The surviving claims fall squarely within the confines of the claims litigated in the class action. Brown's claims are sufficiently congruent with those litigated, settled, and released in the *In re Wachovia Corp.* class action to be precluded.

Accordingly, Wells Fargo has established all elements of res judicata and Brown's claims regarding the origination of her mortgage are precluded.[6] For the reasons stated herein, Wells Fargo's Motion for Summary Judgment is granted.[7] An order consistent with this opinion will issue.

March 18, 2014

*[signature]*
———————————————
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[6] Brown asserts that Wells Fargo should be judicially estopped from bringing a res judicata defense because it allegedly failed to modify Brown's loan as required by the settlement agreement. See Pl's. Opp'n Am. Mot. Summ. J. at 32-33. The *In re Wachovia Corp.* settlement agreement states that a class member who seeks to argue that she or he was denied the relief granted by the settlement may bring suit in the court which oversaw that settlement. Def's. Am. Mot. Summ. J. at Ex. 19 ¶ XIV ("The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Lawsuit, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement."). Brown may seek to enforce the settlement agreement in that forum, but may not seek to avoid the binding nature of the release by alleging that Wells Fargo has avoided its own obligations under the settlement.

[7] Because Wells Fargo's motion is granted on res judicata grounds, the Court needs not address Wells Fargo's other arguments.